UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **RICKEY LOUIS ALFORD,** | ) |
| Petitioner, | ) Case No. CV 09-07350-MMM(AJW) |
| v. | ) |
| **HAWS, Warden,** | ) MEMORANDUM AND ORDER |
| | ) DISMISSING PETITION |
| Respondents. | ) |

Petitioner filed this petition for a writ of habeas corpus in the United States District Court for the Northern District of California. The case was transferred to this Court on October 7, 2009.[1] For the following reasons, the petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

To begin with, the Court cannot discern the factual or legal

---

[1] Petitioner has filed more than twenty-five actions in this Court. Many of those cases have been dismissed for reasons similar to those which render the present petition subject to dismissal. See, e.g., Case Nos. CV 00-7562-AHM(AJW), CV 01-4278-MMM(AJW), CV 01-5115-CBM(AJW), CV 01-9763-GHK(AJW), CV 02-4428-GLT(AJW), CV 03-2509-MMM(AJW), CV 03-4931-TJH(AJW), CV 05-5986-RMT(AJW), CV 05-8656-RMT(AJW), CV 09-4458-MMM(AJW), CV 09-6030-MMM(AJW), CV 09-6047-MMM(AJW). In one, however, the Court appointed counsel, and petitioner obtained relief in the form of sentence credits. See Case No. CV 04-4970-RMT(AJW).

basis for petitioner's claims. For example, petitioner alleges the following as grounds for relief:

    1. Brian Pomerantz atty, was attacked by paged-hired CDCH agents. Agents or informants attacked Pomerantz, using great bodily harm to inflict great bodily injury, hospitalization after 1280 days credit lost July 2007 around.

    2. Eleven 115 CDC rule violation reports Pomerantz exhibited in Super Ct attacked over. Argument in Lancaster Super Ct went on, Pomerantz was attacked and because Alford mother attended the hearing was also a victim of attempt murder, and murder.

    3. Brian Pomerantz and Sean Kennedy being threaten by Director of Correct. Rodney McElvaine Parole Agent worked with the Director hiring paged hit man to harm attorneys, and Ashely Wilson hired to poi[s]on Alford mother Mrs Vivian Ann Kilson.

[Petition at 5-6].

Rule 4 of the Rules Governing Section 2254 Cases provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal...." Summary dismissal pursuant to Rule 4 is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75-76 (1977)). As pleaded, the petition filed in this case is subject to summary dismissal because the allegations

are vague, conclusory, and frivolous. <u>See</u> <u>generally</u> Rule 2(c) of the Rules Governing Section 2254 Cases (providing that a habeas petition must specify the grounds for relief and shall set forth in summary form the facts supporting those grounds); <u>O'Bremski v. Maas</u>, 915 F.2d 418, 420 (9th Cir. 1990) (explaining that "notice pleading is not sufficient," and that the petition must state facts pointing to a "real possibility of constitutional error"), <u>cert. denied</u>, 498 U.S. 1096 (1991).

Furthermore, to the extent that petitioner's allegations are comprehensible, they are not related to the constitutional validity of petitioner's conviction or sentence. As such, these allegations cannot serve as a basis for federal habeas relief. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-499 (1973) (explaining that habeas corpus proceedings are the proper and exclusive mechanism for a prisoner to challenge the fact or duration of his confinement).

For the foregoing reasons, the petition is dismissed without prejudice to petitioner's ability to file a petition properly alleging intelligible grounds for federal habeas corpus relief.

Dated:   October 30, 2009

                                                      Margaret M. Morrow
                                                      United States District Judge